UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   )<br>v.   )<br>   )<br>ILYA LICHTENSTEIN )<br>_____) | No. 23-cr-239-1 (CKK) |

MEMORANDUM OPINION AND ORDER
(November 12, 2024)

On August 3, 2023, Defendant Ilya Lichtenstein ("Defendant" or "Mr. Lichtenstein") entered a plea of guilty to one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). This matter is set for sentencing on November 14, 2024, and this Memorandum Opinion and Order resolves disputes about the offense level computation and, more specifically, the applicability of three adjustments.

I. Background

In the Plea Agreement, ECF No. 96, the parties agreed that the following Sentencing Guidelines sections apply to Count One Money Laundering, 18 18 U.S.C. § 1956(h):

| | | |
|---|---|---|
| §§ 2X1.1(a) and 2S1.1(a)(1) | Base Offense Level; *see* § 2B1.19a)(2) (wire fraud) | 6 |
| § 2B1.1(b)(1)(M) | More than $65 million | +24 |
| § 2B1.1(b)(2)(A) | Substantial financial hardship to 1 victim | +2 |
| §2B1.1(b)(10) | Sophisticated means | +2 |
| §2S1.1(b)(2)(B) | Convicted of § 1956 | +2 |
| §2S1.1(b)(3) | Sophisticated laundering | +2 |
| §2X1.1(b)(2) | Incomplete conspiracy | - 3 |
| | **Total** | **35** |

Plea Agreement, ECF No. 96, at 3. This calculation was subsequently reduced by -3, to account for Mr. Lichtenstein's acceptance of responsibility, and this results in a total offense level of 32, as calculated by the Government and Defendant.

In its Presentence Report ("PSR"), the Probation Office calculates the offense level as 39;

1

namely, the Probation Office agrees with the above calculation except the Probation Office: (1) applies a +2 adjustment for defendant's role in the conspiracy, pursuant to USSG §3B1.1(c); and (2) applies a +2 adjustment for obstruction of justice, pursuant to USSG §3C1.1; but does not (3) apply a -3 adjustment for incomplete conspiracy, pursuant to USSG §2X1.1(b)(2). *See* PSR ¶¶60-72. The Government and Defendant noted their Objections to these adjustments, *see* ECF Nos. 127, 137 (objecting to the calculation in the draft PSR), but these objections remain unresolved as of the filing of the final PSR. The Court notes that, in his Objections, Defendant proffered that "the calculation contained in Mr. Lichtenstein's Plea Agreement . . . represents the correct calculation – *i.e.*, a Total Offense Level of 32." Def.'s Objections, ECF No. 137-1, at 1. Furthermore, Defendant explained that "the Plea Agreement, and the calculation contained therein, was the product of months of negotiations between the Government and the Defense (together, the "Parties"), including detailed discussions of the facts of this case and exhaustive legal research, . . . [and this] should be afforded due deference." *Id.*

Below, this Court addresses each contested adjustment, with a focus on the Government's arguments (in which Defendant joins) and the Probation Office's responses thereto.

II. Analysis

A. The +2 Adjustment for Defendant's role in the Conspiracy

Pursuant to USSG §3B1.1(c), a defendant's offense level is increased by 2 levels if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in Subsection (a) or (b)" [which both require criminal activity involving five or more participants]. The Government asserts that it does "not believe an aggravating role adjustment under U.S.S.G. §3B1.1(c) is necessary to account for the relative culpability of Mr. Lichtenstein compared to his co-conspirator, Heather Morgan, especially where Ms. Morgan is receiving a mitigating role adjustment under §3B1.2." Govt.'s Sent. Mem., ECF No. 146, at 10. The Government comments

2

also that "[i]n a two-person conspiracy, there is very little difference between an average participant and a manager or organizer, and the <u>additional aggravating role adjustment is unnecessary based on the facts of the case</u>." *Id.* (emphasis added by the Court).[1]

The Probation Office responds to the Government's objection by referring the Court to USSG §3B1.1(c), comment (n.4), which provides that the court may consider factors such as:

> the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercise over others.

USSG §3B1.1(c), comment (n.4). The Probation Office points to a few statements from co-defendant Heather Morgan's Statement of Offense, ECF No. 100, for example, that "defendant Lichtenstein *enlisted* Morgan's help in laundering the stolen funds" and Morgan "acting at Lichtenstein's *direction,* allowed her existing accounts to be used for the purpose of laundering the proceeds of the hack." PSR, ECF No. 138, at 39 (referencing the Morgan Statement of Offense, with emphasis added). The Probation Office references an 8th Circuit case involving money laundering, where one defendant directed the other defendant's activities on at least two occasions.

The Court acknowledges that the Probation Office has pointed to some examples of language supporting its conclusion that Mr. Lichtenstein was an organizer or manager of Ms. Morgan, who was the only other participant in the criminal activity. The Court notes however that application of this Guideline provision is somewhat subjective insofar as there are multiple factors the Court can consider. Furthermore, the Court concludes that the Government and the Defendant — with their comprehensive view of the facts in this case – are in the best position to assert or deny application

---

[1] The background to that USSG section states that "[i]n relatively small criminal enterprises that are not otherwise to be considered as extensive in scope or in planning or preparation, the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger criminal enterprises that tend to have clearly delineated divisions of responsibility." And "[t]his is reflected in the inclusiveness of §3B1.1(c)." USSG §3B1.1(c) [Background].

3

of an aggravating role and should be afforded deference in that regard. As Defendant indicated, the parties' plea negotiations included detailed discussions of the facts of this case. As such, the Court finds the aggravating role enhancement inapplicable to Mr. Lichtenstein.

B. The +2 Adjustment for Obstruction of Justice

Pursuant to USSG §3C1.1, a 2-level adjustment is applied if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and [ ] the obstructive conduct related to [ ] the defendant's offense of conviction and any relevant conduct [ ] or a closely related offense." The Probation Office applied this enhancement based on conduct outlined in the Statement of Offense, whereby defendants deleted data from devices and threw a computing device containing relevant, inculpatory evidence down a garbage chute after being tipped off to the existence of the government's investigation. Govt. Sent. Mem., ECF No. 146, at 14; Lichtenstein Statement of Offense, ECF No. 95, at ¶24.

As a preliminary matter, the Government proffers that "[t]he parties did not apply an adjustment for obstruction of justice in this Plea Agreement calculation." Govt. Sent. Mem., ECF No. 146, at 13. The Government notes further that the Defendants' conduct did not ultimately hinder the investigation; however, the Government acknowledges that "the authority cited by the PSR, *United States v. Owens*, 308 F. 3d 791, 794 (7th Cir. 2002) holds that "*actual* prejudice to the government resulting from the defendant's conduct is not required." (emphasis in original).

Accordingly, regarding the non-applicability of this enhancement, the Government relies primarily on the fact that it would not have been aware of Defendants' actions but for statements made "by both defendants during their voluntary debriefings following arrest[,] [where such] debriefings were governed by a standard proffer letter, which set forth that, barring specific carveouts, 'no statements made by or other information provided by your client during the voluntary

4

debriefings(s) will be used directly against your client in any criminal proceeding.'" Govt. Sent. Mem., ECF No. 146, at 14. Pursuant to USSG §1B1.8(a), defendants who cooperate with the government by providing information concerning unlawful activities of others have the government's agreement that such information will not be used against them. Nor shall the information "be used in determining the applicable guideline range, except to the extent provided in the agreement." USSG §1B1.8(a).

The Government explains that the plea agreement in this case included a waiver of the standard protection of USSG §1B1.8, but that it is "a waiver that may be exercised at the government's discretion." Govt. Sent. Mem., ECF No. 146, at 15; *see* Plea Agrmt, ECF No. 96, at 9 (noting that "the Government will be free to use against your client for any purpose at the sentencing . . ., any self-incriminating information provided by your client . . . during the course of debriefings). The Government contends that "under the plain text terms of the plea agreement, the protections of §1B1.8 stay in place for sentencing unless "the Government" seeks to use the information." Govt. Sent. Mem., ECF No. 146, at 15. The Government asserts, and this Court agrees that, as the Government is not seeking to use the information here, and accordingly, the baseline rule of that Guideline section remains in force, and the agreed-upon guideline calculations in the plea agreement should prevail.

Furthermore, while the Probation Office relies upon information set out in the Statement of Offense to support the imposition of a 2-level enhancement for obstruction, the Government explains that it included that information about Defendants' actions in the Statement of Offense because it wanted the "Court and others to be aware of the full scope of the defendants' relevant conduct." Govt. Sent. Mem., ECF No. 146, at 15. This is consistent with Application Note 1 for §1B1.8, which states that the guideline provision "does not authorize the government to withhold information from the court but provides also that self-incriminating information obtained under a cooperation agreement is not to

5

be used to determine the defendant's guideline range." Accordingly, the Government proffers that "[t]he Application Notes further observe that the re-presentation of the information outside of a debriefing setting does not invalidate the relevant protections." Govt. Sent. Mem., ECF No. 146.

Considering the Government's reliance on USSG §1B1.8 (and the language of the Application Notes) and its decision to decline waiving the protection for Defendants set forth in that Guideline – as was its option in the Plea Agreement – the Court finds that the 2-level enhancement for obstruction is inapplicable in this case.

C. The -3 Adjustment for Incomplete Conspiracy

Pursuant to USSG §2X1.1(b)(2), a 3-level decrease applies "unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense, or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." The Government asserts that this adjustment should apply, while the Probation Office omits this adjustment.

The Government notes that "the defendants engaged in a complex laundering scheme, requiring manual transactions . . . to move the stolen cryptocurrency through, *inter alia*, multi-step peel chains, darknet market accounts, Bitcoin mixers, cryptocurrency exchange accounts . . . and conversion of the funds from Bitcoin to other forms of cryptocurrency such as Monero, an anonymity-enhanced cryptocurrency." Govt. Sent. Mem., ECF No. 146, at 12. Furthermore, "[a]t the time of their arrest, the defendant and Ms. Morgan had completed the laundering of only a portion of the criminal proceeds [and] [t]o launder the remaining proceeds, they would have had to engage in additional, largely manual transactions." *Id.* Accordingly, the Government argues that this adjustment for an incomplete conspiracy should apply to Mr. Lichtenstein. "[U]nless the remaining steps to be taken in the commission of a crime are so insubstantial that the commission of the

substantive offense is inevitable, barring an unforeseen occurrence that frustrates its completion, the conspirators are not about to complete the requisite acts and the defendant must be granted the three-point reduction." *United States v. Martinez-Martinez*, 156 F.3d 936, 939 (9th Cir. 1998); *see also, e.g., Untied States v. Susany*, 893 F.3d 364, 367 (6th Cir. 2018) (*citing Martinez-Martinez*); *United States v. Downing*, 297 F.3d 52, 62-63 (2d Cir. 2002) (same).

The PSR takes a contrary position, relying instead on the provision of Section 2X1.1 that states, "when an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." USSG §2X1.1 (c)(1). According to the Probation Office, Appendix A of the Guidelines directs the courts to apply §2S1.1 to violations of 18 U.S.C. §1956(h), involving a Money Laundering conspiracy. PSR, ECF No. 138, at 42 (relying on *United States v. Grzegorczyk*, 800 F.3d 402 (7th Cir. 2015)). The Government notes however, and this Court agrees, that Section 2X1.1(c)(1) "refers to other guidelines that explicitly cover conspiracies, solicitations, or attempts as distinct from completed offenses," and further, that "Application Note 1 identifies guidelines that 'expressly cover" attempts, solicitations, and conspiracies," but "notably absent from [that] list . . . is the money laundering guideline applicable in this case, §2S1.1." Govt. Sent. Mem., ECF No. 146, at 12. The Government concludes that this is because "§2S1.1 contains no separate adjustment for attempts, solicitations, or conspiracies — and therefore the guideline itself does not "expressly cover" conspiracies." Govt. Sent. Mem., ECF No. 146, at 12.

Furthermore, the Government distinguishes *Grzegorczyk* on grounds that the charge to which the defendant in that case pleaded guilty was, *inter alia*, using interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. §1958(a). *Id.* at 404. In that case, the Circuit Court held that the defendant was properly sentenced under the §2A1.5 (Conspiracy or Solicitation to Commit Murder) –guideline that expressly applies to the solicitation of murder for hire – rather than the incomplete conspiracy adjustment under §2X1.1. *Id.* at 405-406. The Circuit

7

Court proffered two rationales: (1) §2A1.5 "is listed in the Application Notes to §2X1.1 among the specific offense Guidelines that expressly cover solicitation;" *id.* at 405-406 (citation omitted); and (2) that solicitation guideline "already accounts for instances where the acts necessary for the completion of the crime solicited have not occurred," through a cross-reference that imposes a higher offense level if there was an attempt or completed murder. *Id.* at 406. The Government contends correctly that neither of these rationales applies here because §2S1.1 [money laundering guideline] "is not listed in the Application Notes to §2X1.1 as one of the guidelines that "expressly cover[s]" conspiracies"; and §2S1.1 "does not distinguish between completed money laundering offenses and conspiracies." Govt. Sent. Mem., ECF No. 146, at 13.

In contrast, the Government cites two cases that address the specific context of a money laundering conspiracy and apply Section 2X1(b)(2), where the defendants therein laundered only a portion of a larger body of criminal proceeds. Govt. Sent. Mem., ECF No. 146, at 11; *see United States v. Khawaja*, 118 F.3d 1454, 1459 (11th Cir. 1997) (applying §2X1.1(b)(2) where defendant conspired to launder $2 million but "only completed the acts necessary to launder $570,556"); *United States v. Puche*, 350 F.3d 1137, 1155 (11th Cir. 2003) (applying §2X1.1(b)(2) where defendants conspired to launder $6 million but only completed the laundering of $714,500). In *Khawaja*, the Circuit Court explained that the defendants had not completed certain "crucial steps" necessary to engage in further transactions to launder the remaining $2 million such as "preparing falsified documentation, securing cashier's checks, or arranging meetings for the exchange." 118 F.3d at 1458. In the instant case, this Court finds persuasive the Government's argument about Guideline §2S1.1 and its citation to cases that address money laundering conspiracies and apply the 3-level adjustment. Accordingly, this adjustment shall be applied in the Guidelines calculation in this case.[2]

---

[2] The Government notes that the adjustment is applied in co-defendant Heather Morgan's guideline

For the reasons set forth herein, it is this 12th day of November, 2024, it is hereby

ORDERED that the Government's and Defendant's objections to the offense level computation are upheld insofar as the calculation shall not apply a +2 adjustment for defendant's role in the conspiracy or a +2 adjustment for obstruction of justice, but a -3 adjustment for incomplete conspiracy shall apply. The Probation Office is requested to update its Guidelines calculation consistent with this Court's rulings on the objections.

                                                        _____/s/_____
                                                        JUDGE COLLEEN KOLLAR-KOTELLY
                                                        UNITED STATES DISTRICT JUDGE

---

calculation. Govt. Sent. Mem., ECF No. 146, at 13.