```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * *    )
UNITED STATES OF AMERICA,        )   Criminal Action
                                 )   No. 23-00239-CKK
            Plaintiff,           )
                                 )
  vs.                            )
                                 )
ILYA LICHTENSTEIN,               )   Washington, D.C.
                                 )   November 14, 2024
            Defendant.           )   2:06 p.m.
                                 )
* * * * * * * * * * * * * * *    )


          EXCERPTS FROM THE SENTENCING HEARING
       BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
            UNITED STATES SENIOR DISTRICT JUDGE



APPEARANCES:

FOR THE GOVERNMENT:    JESSICA PECK, ESQ.
                       U.S. DEPARTMENT OF JUSTICE
                       1301 New York Avenue, Northwest
                       Suite 655
                       Washington, D.C. 20005

                       CATHERINE PELKER, ESQ.
                       CHRISTOPHER BROWN, ESQ.
                       U.S. DEPARTMENT OF JUSTICE
                       950 Pennsylvania Avenue, Northwest
                       Washington, D.C. 20005

                       JOLIE ZIMMERMAN, ESQ.
                       UNITED STATES ATTORNEY'S OFFICE
                         FOR THE DISTRICT OF COLUMBIA
                       601 D Street, Northwest
                       Washington, D.C. 20530

FOR THE DEFENDANT:     SAMSON ENZER, ESQ.
                       KIERSTEN A. FLETCHER, ESQ.
                       JASON M. ECKER, ESQ.
                       CAHILL, GORDON & REINDEL, LLP
                       32 Old Slip
                       New York, New York 10005
```

```
 1    REPORTED BY:            LISA EDWARDS, RDR, CRR
                              Official Court Reporter
 2                            United States District Court for the
                                District of Columbia
 3                            333 Constitution Avenue, Northwest
                              Room 6706
 4                            Washington, D.C. 20001
                              (202) 354-3269
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (REPORTER'S NOTE:  THE FOLLOWING CONTAINS EXCERPTS FROM THE
2     SENTENCING HEARING AS REQUESTED:
3                     * * * * * * * * *
4         THE COURT:  There are two things that I want to
5    clarify before we proceed.  One is the forfeiture orders.
6    As I understand it, there was an original one.  There was an
7    amended one which I signed October 25th.  And I believe
8    there is one new additional one.  Is it one or two
9    additional ones?  I just want to clarify.
10        MS. PECK:  We have one new amended order of
11   forfeiture for your Honor.  And apologies.
12        THE COURT:  Has that one been consented to by
13   Mr. Lichtenstein and Ms. Morgan or not?
14        MS. PECK:  Yes.  Counsel for both Defendants did
15   not oppose our filing the amended order.
16        THE COURT:  Is there something on the record that
17   says that?  I may have missed it, but I didn't see it.
18        MS. PECK:  I believe it's in our motion.
19        THE COURT:  I'll go back and take a look.  But I
20   want to make sure on the record we indicate whether or not
21   there's any consent or opposition.  And then I'll of course
22   go ahead.
23        The second -- while you're there, the second is,
24   you have filed a request to delay the restitution hearing,
25   which is not a problem.  I can do that.  What I will do is

1   at the end of sentencing is pick a particular day; and I
2   would be inclined, having looked at it and seen what papers
3   have been filed, it sounds as if they're contested.  So I
4   may set a briefing schedule.  So remind me to do that in
5   terms of if there's questions about the validity of any of
6   the particular claims.
7           So I will go ahead and grant that, and I'll pick a
8   date at the end.
9           MS. PECK:  Yes, your Honor.
10          THE COURT:  The other question related to that is,
11  I'm assuming that -- what I think you have said is the
12  self-identified persons that are doing victim impact, they
13  would be the ones that would be discussed at the restitution
14  hearing.  Is that correct?
15          MS. PECK:  Yes, potentially.
16          THE COURT:  Okay.
17          MS. PECK:  And I think your Honor was notified we
18  do have two people in the audience today, one from Bitfinex,
19  Barry Berke of Gibson Dunn, who's representing Bitfinex.  We
20  also have Nathanael Andrews from Perkins Coie, in case your
21  Honor wanted to hear from them on the restitution issue.  It
22  sounds like we're going to be pushing that out.
23          THE COURT:  My feeling would be to -- I mean,
24  certainly the crime makes it quite clear what the company
25  suffered.  So the question is whether they get any

1  additional sum, whether they get restitution.  So I would
2  prefer to do it as part of the restitution hearing, where
3  there seems to be, reading the papers, some dispute as to
4  whether legally they're entitled.
5          So I would like that briefed so I can have an
6  intelligent -- an informed restitution hearing about
7  people's claims and make sure that I have all of the
8  information, which of course they would have an opportunity
9  to also -- whoever is making a claim would have a right to
10 fill it out, look at it legally, which is what I need to
11 have.  Looking through it, it's more factual for the most
12 part.  If that works.
13         Your colleagues wants to tell you something.
14         MS. PECK:  Apologies.
15         (Confers with co-counsel privately.)
16         The motion for the second amended forfeiture order
17 does not actually note the Defendant's consent.
18         So if we could potentially get your consent on the
19 record, that would be great.  Thank you.
20         THE COURT:  Okay.  So if you could indicate.  Why
21 don't we just take care of it while we're discussing it as
22 to whether there's consent to it.
23         MS. FLETCHER:  Yes, your Honor.  I'm happy to
24 confirm that Mr. Lichtenstein consents to the entry of the
25 second amended forfeiture order.

1        THE COURT: Okay. So can I contact, then, counsel
2   for Ms. Morgan and find out what her position is?
3        MS. PECK: Absolutely.
4        THE COURT: I'd prefer to get it in writing or we
5   can do something on the record.
6        MS. PECK: We obtained it via email, but we'll
7   follow up this afternoon and have him send something forward
8   to the Court.
9        THE COURT: However you want to do it. I just
10  need to make sure I know whether there's consent or not.
11  The sentencing for Ms. Morgan is Monday.
12       MS. PECK: And I'm being told that counsel for
13  heard Morgan is actually in the gallery, if you would like
14  to hear from him now.
15       THE COURT: We can take care of it.
16       Sir, if you want to come up, identify yourself and
17  then just indicate to me your position one way or the other.
18       Good afternoon.
19       MR. GOROKHOV: Good afternoon, your Honor. Eugene
20  Gorokhov here for Ms. Morgan.
21       We consent to the order.
22       Thank you, your Honor.
23       THE COURT: Then I'll go ahead. It wasn't clear
24  to me whether -- in looking at the two things. I wanted to
25  make sure I understood them correctly.

```
 1                    * * * * * * * * * *
 2              THE COURT:  You are ordered to make restitution to
 3    the victim in this case in an amount to be determined.  I
 4    will not include any interest.  The Court's waiving any
 5    interest or penalties.  I'm finding that you don't have the
 6    ability to pay a fine, and therefore waive imposition of a
 7    fine in this case.
 8              The financial obligations are immediately payable
 9    to the Clerk of the Court for the U.S. District Court.
10              Within 30 days of any change of address, you'll
11    notify the Clerk of the Court of the change until such time
12    as any financial obligations are paid in full.
13              The probation office shall release presentence
14    reports to all appropriate agencies, which includes the U.S.
15    Probation Office in the approved district of residence, in
16    order to execute the sentence.  Treatment agencies shall
17    return the presentence report to the probation office on the
18    Defendant's completion or termination from treatment.
19              I will allow supervision to be transferred, if
20    that is appropriate, if he's living someplace else.  I am
21    not transferring jurisdiction, however.
22              We also have various forfeiture orders that the
23    Court has entered.  So is the forfeiture as I understand it
24    a forfeiture money judgment in the amount of -- is that
25    going forward or how are you doing this?  I can put it in
```

1    there with separate orders, if that's a better way of doing.
2            MS. PECK:  We've actually removed that from the
3    amended forfeiture order, your Honor.
4            THE COURT:  So what we have, then, is basically
5    the forfeitures that I will be signing, the very last one
6    that you produced.  Is that correct?
7            MS. PECK:  Yes, your Honor.  Thank you.
8            THE COURT:  The last thing is the notice of
9    appeal.  It's easier to discuss it in terms of what you
10   agreed to.
11           You agree to give up insofar as such waiver is
12   permitted by law the right to appeal the conviction in this
13   case on any basis, including, but not limited, to claims the
14   statute that's involved is unconstitutional or your conduct
15   doesn't fall within the scope of the statute.
16           So at this point, you've given up that right to
17   take a direct appeal.
18           However, if a higher court at a later point
19   determines that the statute and/or your conduct doesn't fall
20   within the statute as the statute's unconstitutional, then
21   you can take a collateral appeal to take advantage, assuming
22   it's retroactive of that new ruling.
23           At this point, the statute has been deemed
24   constitutional, and your conduct to fall within the statute.
25           You are also agreeing to waive the right to appeal

1    the sentence, which would include any term of imprisonment,
2    forfeiture, award of restitution, term or condition of
3    supervised release, authority of the Court to set conditions
4    of release and the manner in which the sentence was
5    determined.
6             The exceptions are if I sentence you above the
7    statutory maximum, which I did not, or the guideline range,
8    which I didn't either.
9             But notwithstanding these agreements, you retain
10   the right to appeal on the basis of ineffective assistance
11   of counsel, but not to raise on appeal other issues
12   regarding the conviction or sentence.
13            There are also restrictions that are in the plea
14   agreement that you have about collateral attacks other than
15   the one I just spoke about, which would be under 2255,
16   et cetera, where you're giving up that right except to the
17   extent if you -- if the motion is based on newly discovered
18   evidence or on a claim that you received ineffective
19   assistance of counsel.  And you did reserve the right if
20   there are changes in the guidelines to be able to file a
21   motion to have it apply to you retroactively.
22            If you do any kind of direct appeal, it has to be
23   filed within 14 days of entry of judgment or, if the
24   Government is filing an appeal, within 14 days after they
25   file it.

1           Again, if you can't afford the appeal, you can ask
2    for permission to file it without cost to you.  You can also
3    ask to have counsel appointed for you.
4           Under the *Hunter* decision, which was decided in
5    2016, I will ask if there's any objections, anything else
6    that needs to be brought up that has not been discussed that
7    needs to be.
8           Probation?
9           THE PROBATION OFFICER:  No, your Honor.  Thank
10   you.
11          THE COURT:  Government?
12          MS. PECK:  No, your Honor.
13          THE COURT:  Defense counsel?
14          MR. ENZER:  One moment, your Honor.
15          THE COURT:  I will add one other thing in terms of
16   the sentence, which is that he's to receive credit for time
17   served from February 8th of 2022.  And I can make a
18   recommendation to a particular place in the Bureau of
19   Prisons if you wish me to.
20          MR. ENZER:  One moment, your Honor.
21          THE COURT:  Sure.
22          MR. ENZER:  (Confers with the Defendant
23   privately.)
24          Your Honor, we would respectfully request that
25   Mr. Lichtenstein be designated -- a recommendation from the

1      Court that the Bureau of Prisons designate him to FCI
2      Otisville.
3                THE COURT:  I missed that.
4                MR. ENZER:  FCI Otisville, the prison camp there.
5                THE COURT:  Okay.  I don't have a problem with
6      that.
7                MR. ENZER:  And that he be considered for the RDAP
8      program to deal with his substance abuse.
9                THE COURT:  One thing is, not all the places have
10     the RDAP program.  So one of the things you might do is --
11               Do you know, Probation, if Otisville has RDAP?
12               THE PROBATION OFFICER:  I don't know, your Honor,
13     off the top of my head.
14               THE COURT:  You might want to check.  The judgment
15     will probably be done tomorrow.  So if you want to check and
16     see, because if there's a conflict then the question is
17     which one you want.
18               MR. ENZER:  Will do, your Honor.
19               THE COURT:  And I would strongly suggest that you
20     provide some of the information if you want to to the Bureau
21     of Prisons.  That may be helpful.
22               MR. ENZER:  Will do, your Honor.  Thank you.
23               THE COURT:  So in terms of the forfeiture, I will
24     be signing the second amended one, which I have.
25               And in terms of setting a time for the restitution

1 | hearing, do you have a time at this point or is this
2 | something that you want to get back to me on?
3 |             MS. PECK:  Your Honor, we'll discuss and get back
4 | to you very soon.
5 |             THE COURT:  I would ask if you can find out a time
6 | that appears to be appropriate for everybody out the 90
7 | days.  And then if you would also suggest a briefing
8 | schedule, because it does look like there's some conflicts
9 | about who's asking for the restitution.
10 |            MS. PECK:  Yes.  Absolutely, your Honor.
11 |            THE COURT:  In terms of the restitution hearing,
12 | one question is, do you wish to have Mr. Lichtenstein
13 | present?  We might be able to do it with Zoom, depending on
14 | wherever -- wherever he is.  Sometimes they have Zoom;
15 | sometimes they don't.
16 |            MR. ENZER:  Your Honor, we do not need
17 | Mr. Lichtenstein to be physically present.  If there's Zoom,
18 | great.  If not, no problem.
19 |            (End of requested excerpts.)
20
21
22
23
24
25

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 16th day of November, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269