UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-239 (CKK) |
| | : | |
| ILYA LICHTENSTEIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE TO COURT'S JANUARY 28, 2025 ORDER**

The United States of America, by and though the United States Attorney for the District of Columbia, respectfully submits its response to the Court's January 28, 2025 Order, which required the government to "provide clarification" regarding its proposed forfeiture and restitution orders, "including its position on the appropriate disposition of assets subject to forfeiture and the transfer to Bitfinex as voluntary restitution." ECF No. 208, at 3-4.

**A. The Government's Proposal as to Forfeiture and Restitution**

In this case, the government has seized properties involved in and derived from proceeds of the defendants' money laundering conspiracy offenses. Those properties are listed in the Corrected Second Amended Attachment A to the Second Amended Preliminary Order of Forfeiture entered against both defendants. *See* ECF Nos. 178, 198-1. As the Court recognizes, the government has proposed that those properties be disposed of through a combination of in-kind restitution and forfeiture, including the third-party ancillary forfeiture proceeding. *See* ECF Nos. 143 (Gov't Sentencing Mem. as to Defendant Morgan), 146 (Gov't Sentencing Mem. as to Defendant Lichtenstein), 202 (Gov't Supplemental Motion Regarding Restitution). This process would proceed in the following steps:

First, pursuant to the government's proposal for voluntary (not mandatory) restitution pursuant to 18 U.S.C. § 3663A(a)(3), the Court would order that in-kind restitution be paid to

Bitfinex by returning the cryptocurrencies seized by the government directly from the Bitfinex Hack Wallet. Those cryptocurrencies include approximately 94,643.29837084 Bitcoin (BTC), 117,376.52651940 Bitcoin Cash (BCH), 117,376.58178024 Bitcoin Satoshi Vision (BSV), and 118,102.03258447 in Bitcoin Gold (BTG) (collectively, the "Bitfinex Hack Wallet Funds"). The Bitfinex Hack Wallet Funds are the assets that defendant Lichtenstein stole from Bitfinex's hot wallets and transferred directly to the Bitfinex Hack Wallet in August 2016, but that the defendants had not yet laundered at the time of their arrest in February 2022.

Second, because the government can only forfeit the defendants' interest in the specific properties subject to forfeiture, *see United States v. Petlechkov*, 72 F.4th 699, 705 (6th Cir. 2023), and the properties above (*i.e.*, the Bitfinex Hack Wallet Funds) would have been returned to Bitfinex by way of restitution, they would no longer be subject to forfeiture or the third-party ancillary proceeding. The D.C. Circuit recognized just this kind of outcome in *United States v. Emor*, 785 F.3d 671 (D.C. Cir. 2015):

> Normally, a purported victim of crime would never need to claim a vested or superior interest [in a third-party ancillary forfeiture proceeding] to obtain its money back from the perpetrator. In many cases, a criminal defendant pleads guilty to defrauding an identifiable victim. At sentencing, the victim seeks restitution, see 18 U.S.C. § 3663A(c)(1)(A)(ii), and if restitution is ordered and the government has seized assets belonging to the crime victim, it often returns them.

*Id.* at 679. The forfeiture order in this case would therefore be amended to reflect the removal of the Bitfinex Hack Wallet Funds from the forfeiture proceeding. In other words, bullets (e) through (h) in the Corrected Second Amended Attachment A would be removed. Such amendments are contemplated under the forfeiture rules: the *preliminary* order of forfeiture entered against the defendants "remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)," Fed. R. Crim. P. 32.2(b)(4)(A), and the statute contemplates that the Court will make amendments to the forfeiture prior to the conclusion of the third-party ancillary

proceeding, *see* 21 U.S.C. § 853(n)(6) (providing that "the court shall amend the order of forfeiture in accordance with its determination" of any third-party claims).

Third, the third-party ancillary proceeding would proceed to adjudicate claims of ownership submitted by third-party claimants. *See* 21 U.S.C. § 853(n)(6). In this case—without prejudging the government's position as to any particular claim—the government anticipates that one or more parties will be able to assert valid claims over most if not all of the remaining properties listed in the Corrected Second Amended Attachment A to the Second Amended Preliminary Order of Forfeiture. Thus, at the conclusion of the third-party ancillary proceeding, the forfeiture order would be amended to recognize such valid third-party claims. *See id.* Those properties would be transferred to the meritorious claimants, and the *final* order of forfeiture would forfeit only the remaining properties (if any) to the government.

Fourth, if any properties remain and are finally forfeited to the government, the authority to distribute them to owners, lienholders, or victims rests solely with the Attorney General, through processes of remission and mitigation. *See* 28 U.S.C. § 524(c)(1)(E)(i); 18 U.S.C. § 981(d) (civil forfeitures); 21 U.S.C. § 853(i)(1) (pertaining to controlled substances violations; applicable to other criminal forfeiture statutes by, *e.g.*, 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1)); 18 U.S.C. § 1963(h)(2) (RICO); *see also* 28 C.F.R. Part 9. The Attorney General delegated the authority to decide petitions for remission or mitigation in judicial cases to the Chief of the Department of Justice's Money Laundering and Asset Recovery Section (MLARS). See 28 C.F.R. § 9.1(b)(2).

### B. The Government's Proposal Does Not Diminish the Defendants' Forfeiture Liability

The Court's January 28, 2025 Order correctly notes that forfeiture and restitution are separate obligations, "and in general, one does not offset the other because restitution and forfeiture

3

serve distinct purposes." ECF No. 208, at 2.  Here, the government's proposed restitution order does not diminish the defendants' forfeiture obligation in any way.  The defendants will remain liable to forfeit "any property, real or personal, involved in" Lichtenstein's money laundering conspiracy offense, as well as "any property, real or personal, which constitutes or is derived from proceeds traceable to" Morgan's money laundering conspiracy offense.  The defendants' interest in all of the properties listed in the Corrected Second Amended Attachment A has been extinguished—including their interest in any properties returned to Bitfinex as in-kind voluntary restitution.  There is no offsetting of any forfeiture money judgment because the government did not request a forfeiture money judgment.  *See* Fed. R. Crim. P. 32.2(b)(1)(A) (court is required to enter forfeiture money judgment only "[i]f the government seeks a personal money judgment"); *see generally* ECF No. 146, at 32-33 (explaining that the purpose of a forfeiture money judgment is to account for unrecovered proceeds and that no money judgment was necessary where the value of specific properties will exceed the $72,618,825.60 forfeiture money judgment contained in the original Consent Preliminary Order of Forfeiture).[1]

The cases raised by the Court are inapposite because they generally deal with final orders of forfeiture (as opposed to preliminary), forfeiture money judgments, and monetary restitution obligations.  In this case, the Court has entered a preliminary order of forfeiture, the government has not requested a forfeiture money judgment, and the Court is not obligated to issue mandatory restitution.  For related reasons, the disposition discussed in Footnote 1 of the Court's Order will

---

[1] Alternatively, if the Court is concerned about removing specific properties from the third-party ancillary proceeding, it could order $0 restitution and adjudicate the disposal of the seized properties solely through the third-party ancillary proceeding.  The Court is required to order restitution agreed to by the parties in a plea agreement (as is the case here), 18 U.S.C. § 3663A(a)(3), but where the plea agreement is silent as to the form or amount of restitution, the Court retains the discretion to fashion an appropriate restitution order, *United States v. Peterson*, 268 F.3d 533, 535 (7th Cir. 2001).

not be a practicable option in this case. *See* ECF No. 208, at 4 n.1. As noted above, the government anticipates that valid claims could be filed for most if not all of the specific properties listed in the Corrected Second Amended Attachment A—potentially leaving little to nothing finally forfeited to the government at the conclusion of the third-party ancillary proceeding. The government could well be left with insufficient assets to apply toward any separate, monetary restitution order. In addition, the authority to dispose of forfeited funds in any way rests solely with the delegated authority of the Attorney General, *see supra*, and the prosecution team lacks the authority to make any binding commitment as to such disposal.

## CONCLUSION

For the foregoing reasons, the government's forfeiture and restitution proposals are consistent with applicable law and do not have the effect of reducing or diminishing the defendants' forfeiture obligation.

        Respectfully submitted,
        EDWARD MARTIN JR.
        UNITED STATES ATTORNEY
        D.C. Bar No. 481866

BY:   */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Special Assistant United States Attorney
        Rick Blaylock Jr., Texas Bar No. 24103294
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, DC 20530
        (202) 353-0018 (Brown)
        (202) 252-6765 (Blaylock)
        Christopher.Brown8@usdoj.gov
        Rick.Blaylock.Jr@usdoj.gov

        */s/ Jessica Peck*
        Jessica Peck, N.Y. Bar Number 5188248
        C. Alden Pelker, Maryland Bar
        Trial Attorneys, U.S. Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 353-9455 (Peck)
        (202) 616-5007 (Pelker)
        Jessica.Peck@usdoj.gov
        Catherine.Pelker@usdoj.gov