UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ILYA LICHTENSTEIN and HEATHER MORGAN, et al.,

Defendants.

CRIMINAL NO. 23-cr-239 (CKK)

## MOTION FOR IMMEDIATE RESTITUTION IN LIGHT OF MULTIPLE AFFECTED VICTIMS

Pursuant to 18 U.S.C. § 3663A, 18 U.S.C. § 3771, 18 U.S.C. § 3663, ECF 178, ECF 203, ECF 204, and 28 CFR § 9.8, Movant Francisco Cavazos proceeding Pro Se, respectfully moves this Honorable Court to order immediate restitution in the amount of $1,574,370 or the equivalent value of 14.994 BTC as of today's market value, based on the current value of Bitcoin, to the Movant as compensation for the financial losses sustained due to the criminal conduct outlined below. The scheduled restitution hearing is ECF 185 and set for February 21, 2025.

This request is made pending the graciousness of the Court and in the spirit of ensuring timely and equitable restitution for the financial harm suffered. Movant humbly requests the Court's consideration in advancing this matter at its earliest convenience to facilitate the timely restoration of justice.

## INTRODUCTION

The Movant, **Francisco Cavazos**, proceeding **pro se**, respectfully moves this Honorable Court to order immediate restitution in the amount of **$1,574,370** or the equivalent value of **14.994 BTC** as of today's market value, based on the current value of Bitcoin, to the Movant as

compensation for the financial losses sustained due to the criminal conduct outlined below. The scheduled restitution hearing is **ECF 185** and set for **February 21, 2025**.

## II. FACTUAL BACKGROUND

1. **Criminal Activity and Loss of BTC:**

   On or about **August 1, 2016**, criminal activity resulted in the unlawful transfer and seizure of **14.994 BTC** that rightfully belonged to the Movant. This illicit activity directly stemmed from the actions taken by the Defendants, whose conduct led to substantial financial losses for the Movant.

2. **Documentation and Forfeiture:**

   The Movant's **14.994 BTC** has been well-documented, with its original ownership and the unlawful transfer identified in **ECF 178** under the **Second Preliminary Order of Forfeiture**. The BTC was subject to forfeiture and is currently in the possession of the **U.S. Government**.

3. **Evidence Supporting the Claims:**

   Supporting evidence for the Movant's claims has been provided in **ECF 190**, with **Exhibits 1-5**. These exhibits contain key documentation regarding the BTC's original ownership, the unlawful transfer, and corroborating witness testimonies. These pieces of evidence substantiate the Movant's assertions and establish the direct link between the Defendants' actions and the financial harm sustained.

4. **Fluctuation in Bitcoin Value and Request for Restitution:**

   The value of **Bitcoin** has fluctuated significantly since the unlawful transfer. The Movant respectfully requests that the restitution be calculated based on the **current market value** of Bitcoin to ensure equitable compensation for the losses incurred.

## III. LEGAL FRAMEWORK

1. **Mandatory Victims Restitution Act (18 U.S.C. § 3663A)**: The **MVRA** mandates restitution for identifiable victims. The delay in enforcing restitution runs counter to the legislative purpose of prioritizing victim recovery.
2. **Crime Victims' Rights Act (18 U.S.C. § 3771)**: The **CVRA** guarantees victims the right to timely restitution and to be treated with fairness and respect.
3. **Witness and Victim Protection Act (18 U.S.C. § 3663)**: The **VWPA** further supports restitution for victims, emphasizing the need for financial recovery.
4. **Local Rule CFR 9.8**: **CFR 9.8** provides procedural guidelines for the enforcement of restitution orders, ensuring prompt action to satisfy victims' rights.
5. **ECF 178**: This order identifies **14.994 BTC** as forfeitable property, and the Court must act swiftly to return it to the rightful owner.
6. **ECF 203 and 204**: These motions highlight the presence of **multiple victims** in the case, establishing the need for **pro rata restitution**, which aligns with the Movant's request for restitution based on the current market value of the assets.

## IV. ARGUMENT

1. **Restitution is a Mandatory Obligation Under Federal Law**: The **MVRA** mandates restitution for identifiable victims. The delay in enforcing restitution runs counter to the legislative purpose of prioritizing victim recovery.
2. **The Movant's Rights Under the CVRA Have Been Impeded**: The Movant's right to timely restitution has been delayed, which violates the **CVRA**'s requirement for victims to receive compensation promptly.
3. **Pro Rata Valuation and Equitable Restitution**: Based on **ECF 203** and **204**, the Court should adopt a **pro rata method** to calculate restitution. This ensures equitable distribution and takes into account the fluctuating value of **Bitcoin**.
4. **Immediate Restitution is Necessary to Mitigate Financial Harm**: The Movant has suffered considerable financial hardship due to the delay in restitution. **Immediate payment** will alleviate ongoing harm and fulfill the statutory obligations of restitution.
5. **Judicial Economy Favors Immediate Restitution**: Prompt enforcement of restitution will streamline the process, reduce unnecessary litigation, and avoid administrative burdens on the Court.

**PRAYER FOR RELIEF**

WHEREFORE, the Movant respectfully requests that this Honorable Court:

1. **Order immediate restitution** of **14.994 BTC**, valued at the current market rate, to the Movant as compensation for the losses sustained.
2. Ensure that the restitution order is enforced promptly, consistent with the **MVRA**, **CVRA**, **VWPA**, and relevant local guidelines under **CFR 9.8**.
3. Provide any additional relief deemed just and appropriate under the circumstance

Defendants. This Court has acknowledged the Movant's status as a victim and the pending claims through **ECF 190**

---

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, **Francisco Cavazos**, hereby certify that on this 15th day of January, 2025, a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated below:

## CAHILL GORDON & REINDEL LLP

1. **Anirudh Bansal**
   32 Old Slip, New York, NY 10005
   Email: abansal@cahill.com
2. **Angela F. Collins**
   1990 K Street, N.W., Suite 950, Washington, DC 20006
   Email: acollins@cahill.com
3. **Jason Michael Ecker**
   32 Old Slip, New York, NY 10005

   Email: jecker@cahill.com

4. **Samson Enzer**

   32 Old Slip, New York, NY 10005

   Email: SEnzer@cahill.com

5. **Kiersten A. Fletcher**

   32 Old Slip, New York, NY 10005

   Email: kfletcher@cahill.com

6. **Connor O'Shea**

   32 Old Slip, New York, NY 10005

   Email: co'shea@cahill.com

## U.S. DEPARTMENT OF JUSTICE

1. **Rick E. Blaylock, Jr.**

   601 D Street, NW, Washington, DC 20004

   Email: rick.blaylock.jr@usdoj.gov

2. **Christopher Brodie Brown**

   DOJ-Nsd, 950 Pennsylvania Avenue NW, Ste 6744a, Washington, DC 20530

   Email: Christopher.Brown8@usdoj.gov

3. **Jessica Peck**

   1301 New York Ave NW, Suite 655, Washington, DC 20005

   Email: jessica.peck@usdoj.gov

4. **Catherine Pelker**

   950 Pennsylvania Ave NW, Washington, DC 20530

   Email: catherine.pelker@usdoj.gov

5. **Jolie Zimmerman**

   U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA

   555 Fourth Street, NW, Washington, DC 20530

   Email: jolie.zimmerman@usdoj.gov

## METHOD OF SERVICE

The foregoing document was served via email and, where applicable, by hand delivery to the

6

parties listed above.

Executed on this 18th day of January, 2025.

*Francisco Cavazos*