UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ILYA LICHTENSTEIN, et al.,<br><br>Defendants. | Case No. 23-cr-239 (CKK) |

LEAVE TO FILE GRANTED
Judge CKoller-Kotelly
2/21/25

## MOTION FOR LEAVE TO FILE MOTION TO INTERVENE AND ANCILLARY PETITION PSEUDONUMOUSLY AND PARTIALLY UNDER SEAL

Movants, through the undersigned counsel, by their counsel Davis+Gilbert LLP, having offices at 1675 Broadway, New York, New York 10019, respectfully request leave to file their Motion to Intervene and Verified Petition for Determination of Third Party Interest in Property Pursuant to 21 U.S.C. § 853(n) (collectively, the "Motion") under seal, and to file public versions of the Motion and any other documents that Movants file in this case or in connection with the Ancillary Proceedings pseudonymously with limited redactions of only their account numbers, transaction identifiers and the specific amounts of at-issue assets. In support of this motion, Movants state as follows:

### INTRODUCTION

1. Movants are an individual and his personal investment vehicle. Movants are victims to Defendants' 2016 hack and subsequent efforts to hide Movants' assets from them.

2. Movant's Bitcoin at issue in this case are valued in the millions. In light of the substantial assets at issue, the highly-sensitive and confidential nature of information contained in the Motion and in filings to be made by Movants in connection with the Ancillary Proceedings,

and the undue risk of physical and financial harm that may arise from public disclosure of such sensitive confidential information, Movants respectfully seek to limit public disclosure of (i) their identities, (ii) their account and transaction numbers/identifiers, and (iii) the value of their assets at issue.

## STANDARD

3. "The decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Fiorentine v. Sarton P.R., LLC*, Civil Action No. 19-3424 (CKK), 2020 U.S. Dist. LEXIS 140114, at *2-3 (D.D.C. Aug. 6, 2020) (quoting *United States v. Hubbard*, 650 F.2d 292, 316-17 (D.C. Cir. 1980)).

4. Although there is a "strong presumption in favor of public access to judicial proceedings," *id.*, this Circuit has "repeatedly recognized" that "competing interests may outweigh the strong presumption favoring disclosure." *CNN, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021).

5. In determining whether a party may proceed pseudonymously, this Circuit has weighed the following competing interests: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *In re*

*Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019). A court should not "engage in a wooden exercise of ticking the five [factors]," but instead "consider[] the factors relevant to the case before it." *Id.*

## ARGUMENT

6. Here, the first, second, fourth and fifth factors are relevant factors, and all strongly weigh in favor of permitting Movants to proceed pseudonymously and with the requested limited redactions.

7. As to the first and second factors, Movants seek to keep confidential only three items: (i) their identities, (ii) their account and transaction numbers and (iii) their holdings. Account, transaction and holdings information is generally considered to be highly-sensitive financial data, which, when coupled with Movants' identities, could expose Movants—innocent non-parties to this case—to undue risks of physical- and cyber-attacks.

8. Numerous courts have recognized the need to redact accountholders' names to reduce the undue risk of being targeted, particularly in the cryptocurrency world. *See In re Genesis Global Holdco, LLC*, 652 B.R. 618, 621-625 (Bankr. S.D.N.Y. 2023) (noting "publication of names alone has been found to heighten the risk of identity theft and other harm"); *In re Clover Techs. Grp., LLC*, Case No. 19-12680, Hr'g Tr. 24:21-25 (Bankr. D. Del. Jan. 22, 2020) ("To me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website."); *In re FTX Trading Ltd.*, No. 22-11068, ECF No. 1612 (Hr'g Tr.), at 157 (Bankr. D. Del. June 9, 2023) (crediting testimony that "a name and [the fact that] they are an FTX customer, they can be targeted, and that is what we need to protect here").

9.      And there are ample reports of malicious actors targeting cryptocurrency owners—*see, e.g.*, Business Insider, *Kidnapped for Crypto: Criminals See Flashy Crypto Owners as Easy Targets, and it has Led to a Disturbing String of Violent Robberies* (Feb. 9, 2022), https://www.businessinsider.com/crypto-nft-owners-targeted-kidnaps-home-invasions-robberies-2022-2; Federal Trade Commission, *What To Know About Cryptocurrency and Scams* (May 2022), https://consumer.ftc.gov/articles/what-know-about-cryptocurrency-and-scams—further cautioning against public disclosure of names of accountholders who, like Movants, have significant cryptocurrency holdings.

10.     As to the fourth and fifth factors, there is no compelling need of the Government to publicly disclose Movants' identities, account and transaction information or holdings. For purposes of the Ancillary Proceeding, the issue will not be any act or omission of any party. Nor will it raise any inherit unfairness of a party proceeding pseudonymously while another is named. *Cf. See Roe v. Doe*, 319 F. Supp. 3d 422, 429 (D.D.C. 2018). Rather, the sole issue in the Ancillary Proceedings will be ownership of at-issue property. Defendants have relinquished any claim they may have had to such property, and the Government will not suffer any prejudice from Movants proceeding pseudonymously and with redactions to their financial information, particularly where the unredacted filings and underlying documentary evidence is and/or will be available to the Government.

                    *              *              *

WHEREFORE, for the foregoing reasons, Movants respectfully request that the Court grant Movants leave to file their Motion and other documents that Movants file in this case pseudonymously and under seal, with their name, account and transaction numbers and identifiers and asset amounts redacted from all publicly filed copies.

Dated: February 19, 2025						GREENSTEIN DELORME & LUCHS, P.C.

By: /s/ *James D. Sadowski*
James D. Sadowski, DC Bar #446635
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: 202.452.1400
Fax: 202.452.1410
Email: JDS@gdllaw.com

*Local Counsel for Movants*

DAVIS+GILBERT LLP
Joseph Cioffi
H. Seiji Newman
Joel Melendez
Adam Levy
1675 Broadway
New York, NY 10019
212-468-4800
jcioffi@dglaw.com
hnewman@dglaw.com
jmelendez@dglaw.com
alevy@dglaw.com

*Counsel for Movants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2025, I sent a copy of the foregoing Motion by email to dcd_cmecf_cr@dcd.uscourts.gov and that I am sending a copy by email to all persons listed on the docket sheet for the receipt of a Notice of Electronic Filing. I am also emailing a copy to the persons designated as intervenors in the ECF system. *See* email service list below.

Eugene V. Gorokhov: eugene@burnhamgorokhov.com, michael@burnhamgorokhov.com

Angela F. Collins: acollins@cahill.com, MA@cahill.com

Charles Burnham: charles@burnhamgorokhov.com

Christopher Brodie Brown: Christopher.Brown8@usdoj.gov, Angela.De.Falco@usdoj.gov, USADC.CriminalDocket@usdoj.gov, USADC.ECF.Cyber@usdoj.gov, USADC.ECF.Fraud2@usdoj.gov

Kiersten A. Fletcher: kfletcher@cahill.com

Jolie Zimmerman: jolie.zimmerman@usdoj.gov, usadc.docketing@usdoj.gov, usadc.ecfnatsec@usdoj.gov

Catherine Pelker: catherine.pelker@usdoj.gov

Jessica Peck: jessica.peck@usdoj.gov

Anirudh Bansal: abansal@cahill.com

Samson Enzer: SEnzer@cahill.com, MA@cahill.com

Rick E. Blaylock, Jr.: rick.blaylock.jr@usdoj.gov, USADC.CriminalDocket@usdoj.gov, caseview.ecf@usdoj.gov, gtorrestrujillo@usa.doj.gov

Jason Michael Ecker: jecker@cahill.com

Francisco Cavazos: FrankieCavazos@outlook.com

Louis (Maria Andrea) Zuijderwijk: le.zuijderwijk@gmail.com

Stephanie L. Brooker: sbrooker@gibsondunn.com

Jonas Paasch: jonas-paasch@proton.me

Rafal Bielenia: rafal@bielenia.pl

Pablo Garcia Illescas: Lmusa@dfllp.com

/s/ James D. Sadowski
James D. Sadowski