**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

ILYA LICHTENSTEIN, et al.,

*Defendants.*

\*\*\*\*\*\*\*\*\*\*\*\*\*

XYZ INC.

*Intervenor, Claimant, and*
*Third-Party Petitioner.*

Case No. 23-cr-239 (CKK)

**XYZ INC.'S MOTION TO WITHDRAW EXHIBIT A**
**TO ITS SEALED MOTION TO INTERVENE AND OBJECTION**

Movant has conferred with the government, which **CONSENTS** to this motion.

XYZ Inc. ("XYZ," proceeding by pseudonym) hereby moves to withdraw Exhibit A to its

Motion to Intervene and Objection, ECF. 231-2.[1]  Consistent with the Court's Order of March 10,

XYZ will publicly file redacted versions of its motion to seal, its objection, its verified petition,

and all exhibits to its verified petition.  XYZ moves to withdraw only Exhibit A to its Objection to

the government's Proposed Restitution Order, which the government later amended.  The exhibit

contains personally identifiable information and private financial information that was not part of

XYZ's ancillary petition, and the government's modification of its position on restitution

eliminates any need for the Court to consider this exhibit.  (*See* ECF No. 262).  The government

independently possesses, and would continue to retain, the exhibit.

---

[1] The filings are not presently available to XYZ on the docket, but XYZ presumes the clerk's office numbered the attachments in the order they were attached to the submitting email.

## MEMORANDUM

On January 28, 2025, XYZ submitted, by email, a sealed motion to file under seal and proceed by pseudonym, ECF No. 231.  XYZ sought leave to file two submissions and their respective attachments under seal: (1) XYZ Inc.'s Sealed Motion to Intervene and Objection to Proposed Restitution Order; and (2) Sealed Verified Petition for Hearing to Adjudicate Third-Party Claim of XYZ Inc. Asserting Interest in Forfeited Property.  The exhibit at issue was attached to XYZ's Objection, not to its Ancillary Petition.  The exhibit runs 35 pages and contains various private and personal information that are not relevant to XYZ's ancillary petition, including a bank account number, past balances at an unrelated financial institution, details on non-crypto transactions, addresses, and other PII.

At the time of XYZ's submission, the government had proposed conveying, as voluntary restitution, most of the assets seized from the defendants to Bitfinex.  (*See* ECF No. 202).  The government seemed to suggest that voluntary restitution could be paid without addressing XYZ's rights, even though the government was proposing to dispose of the very assets that XYZ had claimed it should be awarded.  Exhibit A to XYZ's objection was submitted in connection with that concern.

On February 23, 2025, the government amended its recommended restitution order, and thereby eliminated any need for the Court to consider the exhibit to XYZ's objection.  (*See* ECF No. 262).  The Court has not relied on the exhibit in any ruling to this point.

On March 10, 2025, the Court granted in part and denied in part XYZ's Motion to Seal through its Omnibus Memorandum and Order, ECF No. 278.  The Court permitted XYZ and others to "redact their full name and PII from the publicly filed version of their documents," but the order requires disclosure of "redacted information to 'any other petitioners in the third-party ancillary

proceeding, whose claims may be in competition'" with XYZ's claim, at least to the extent another petitioner might have knowledge of the comparative validity of a claim. Some of the petitioners are likewise proceeding by pseudonym; many are *pro se*; and most are persons unknown to XYZ.

XYZ respectfully submits that there is no need for the Court or any other person (aside from the government) to access or consider Exhibit A to its Objection. As the exhibit has not been relied upon by the Court in any ruling to date, the Court should permit its withdrawal. *See United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) (finding district court erred in denying withdrawal of a document filed under seal, where it "ha[d] played no role in any adjudicatory function"). The exhibit contains irrelevant private financial information and other PII, and therefore its disclosure would risk harm to XYZ without furthering resolution of any issue in dispute. XYZ is not requesting to withdraw any other filings.

## CONCLUSION

XYZ respectfully withdraws its request for leave to file Exhibit A to XYZ Inc's Sealed Motion to Intervene and Objection to Proposed Restitution Order, ECF No. 231-2, under seal or otherwise, and moves to withdraw the exhibit to the extent it has been filed.

Date: March 17, 2025                    Respectfully submitted,


                                        /s/ Aitan D. Goelman
                                        Aitan D. Goelman (DC Bar 446636)
                                        Christopher R. MacColl (DC Bar 1049153)
                                        ZUCKERMAN SPAEDER LLP
                                        1800 M Street, NW, Suite 1000
                                        Washington, DC 20036
                                        Tel: (202) 778-1800
                                        AGoelman@zuckerman.com
                                        CmacColl@zuckerman.com

                                        *Attorneys for Intervenor, Claimant, and Third-Party Petitioner XYZ.*