IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ILYA LICHTENSTEIN, et al.,<br><br>       Defendants. | Case No. 23-CR-239 (CKK) |

**PETITIONER BITFINEX'S OPPOSITION TO THIRD-PARTY FRANCISCO CAVAZOS' NOTICE OF READINESS FOR ANCILLARY HEARING (ECF NO. 318)**

iFinex Inc. and BFXNA Inc. (together, "**Bitfinex**"), through its attorneys at Gibson, Dunn & Crutcher LLP and Kirkland & Ellis LLP, respectfully submit this memorandum of law in opposition to Francisco Cavazos' notice of readiness for ancillary hearing.

Mr. Cavazos' notice requests that the Court schedule a hearing on his claim by June 15, 2025. ECF No. 318 at 4. It would be premature to hold an ancillary hearing for Mr. Cavazos' claim at this early stage in the proceeding, while motions to dismiss remain pending and where no motions for summary judgment have been filed. *See, e.g., United States v. Egan*, 2011 WL 798852, at *2 (S.D.N.Y. Mar. 7, 2011) (noting that "a district court's task in deciding the . . . motion to dismiss is to resolve legal issues that might obviate further litigation"). It would also be inefficient and contrary to judicial economy to advance a hearing solely on Mr. Cavazos' claims before the resolution of the pending motions to dismiss and where his claims of ownership are disputed. Accordingly, Bitfinex respectfully requests that this Court decline Mr. Cavazos' request that it "schedule a hearing and proceed toward adjudication." ECF No. 318 at 1.

Federal criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule

of Criminal Procedure 32.2.  "The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition.  The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant. . . ."  21 U.S.C. § 853(n)(4).  Federal Rule of Criminal Procedure 32.2(c)(1)(B) provides that "[a]fter disposing of any motion [to dismiss] . . . and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues."  Fed. R. Crim. P. 32.2(c)(1)(B).  "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56."  *Id.*

In this ancillary proceeding, 17 petitioners, including Bitfinex, have filed claims for seized Bitcoin.  There are also three motions to dismiss pending, including Mr. Cavazos' untimely motion to dismiss.  Briefing on the motions to dismiss will be completed on May 16, 2025.  Rulings on those motions will determine the number of claimants and help define the scope of the issues in dispute and any necessary discovery.  After the Court rules on the pending motions to dismiss, the claimants should have an opportunity for appropriately limited discovery and to submit summary judgment motions before any ancillary proceeding is scheduled.

Mr. Cavazos' primary argument for advancing a hearing on his claims—that there are no "factual or legal disputes" as to his claim and no further discovery is necessary—is simply incorrect. ECF No. 318 at 2.  Mr. Cavazos admits that he must demonstrate that the 14.994 Bitcoin at issue "belong[] to [him] and not to . . . a competing third party."  ECF No. 318 at 1.  While Bitfinex did not move to dismiss Mr. Cavazos' pleadings regarding his interest in this Bitcoin, Mr. Cavazos must still establish that 14.994 Bitcoin were taken from his wallet by Defendants as part of the hack and seized by the government, and that he has a superior legal interest in 14.994

Bitcoin. As explained in Bitfinex's opposition to Mr. Cavazos' motion to dismiss and other filings, Bitfinex disputes the superiority of Mr. Cavazos' interest in the Bitcoin he claims. ECF No. 331 at 5; *see also* ECF No. 219 ¶ 20. Bitfinex, not its individual customers, controlled the private keys for the Bitcoin, and only Bitfinex was able to control the movement of Bitcoin into and out of the wallets on its platform. ECF No. 331 at 4–5; *see also* ECF No. 219 ¶¶ 21, 23. Thus, there are both factual and legal disputes regarding Mr. Cavazos' claim.

The various arguments Mr. Cavazos makes to bolster his position lack merit. For example, he claims that Bitfinex's purported failure to disclose audit results from after the hack demonstrates that "there is no useful discovery Bitfinex can provide that is not already contradicted or resolved in the record." ECF No. 318 at 2. But he neither provides any authority that Bitfinex's audit-related decisions bear any legal significance here, nor makes any attempt to connect such post-hack audits to the question of ownership of the Bitcoin in Bitfinex wallets. *Id*.

Mr. Cavazos similarly argues that Bitfinex's "lack of factual rebuttal," failure to move to dismiss his claim, and lack of standing mean that his petition is "unrebutted in law and fact" and should advance to an immediate hearing. *Id*. at 2–3. But Bitfinex's decision not to file a motion to dismiss Mr. Cavazos' ancillary petition does not mean that Bitfinex has conceded in any way that his claim to the 14.994 Bitcoin is valid or that he has established a superior ownership interest in the Bitcoin. There is no reason for Bitfinex to have provided a factual rebuttal to Mr. Cavazos' claims at the motion to dismiss stage, given that the facts alleged in the petition are assumed to be true for the purpose of a motion to dismiss under Federal Rule of Criminal Procedure 32.2(c)(1)(A). Bitfinex reserves all rights to challenge Mr. Cavazos' petition at the appropriate time, either through motion practice or during a contested ancillary proceeding.

\* \* \*

For the foregoing reasons, Bitfinex respectfully requests that the Court deny Mr. Cavazos' request to schedule an ancillary hearing on his claim. 17 petitioners, including Bitfinex, have filed claims for the seized Bitcoin, ECF No. 300 at 18 n.11, and judicial economy would be best served by setting a global schedule for all such claims after resolving motions to dismiss, rather than through piecemeal adjudication of disputed claims on an incomplete record.

Dated: New York, New York
       May 14, 2025

                                      GIBSON, DUNN & CRUTCHER LLP

                                      By:   */s/ Barry H. Berke*
                                              Barry H. Berke (admitted *pro hac vice*)
                                              Daniel M. Ketani (admitted *pro hac vice*)
                                              Trevor Gopnik (admitted *pro hac vice*)
                                              200 Park Avenue
                                              New York, New York 10166
                                              Tel: (212) 351-4000
                                              bberke@gibsondunn.com
                                              dketani@gibsondunn.com
                                              tgopnik@gibsondunn.com

                                              Stephanie L. Brooker (D.C. Bar No. 475321)
                                              Nick Harper (D.C. Bar No. 144707)
                                              1700 M Street N.W.
                                              Washington, D.C. 20036
                                              Tel: (202) 955-8500
                                              sbooker@gibsondunn.com
                                              nharper@gibsondunn.com


                                      KIRKLAND & ELLIS LLP

                                              Mark C. Holscher (admitted *pro hac vice*)
                                              555 S. Flower Street
                                              Los Angeles, California 90071
                                              Tel: (213) 680-8190
                                              mark.holscher@kirkland.com

                                              Laura Vartain (admitted *pro hac vice*)
                                              555 California Street

San Francisco, California 94104
Tel: (415) 439-1400
Laura.vartain@kirkland.com

*Attorneys for Third-Party Petitioners iFinex Inc. and BFXNA Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2025, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the District of Columbia on all parties registered for CM/ECF in the above-captioned matter.  I further certify that I caused a service copy of the foregoing to be sent via email and/or mail to the persons listed below who may not be included on the CM/ECF service list.  *Pro se* petitioner "A.B." was not served by email or mail because neither his email address nor physical address has been provided.

      Louis Zuijderwijk

      Jonas Paasch

      Rafal Bielenia

      Pablo Garcia Illescas

      Francisco Cavazos

*/s/ Barry H. Berke*
Barry H. Berke