**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ILYA LICHTENSTEIN, et al.,<br><br>Defendants. | Case No. 23-cr-239 (CKK) |

# MOTION FOR LEAVE TO FILE MOTION TO INTERVENE AND VERIFIED ANCILLARY PETITION

Pursuant to Fed. R. Civ. P. 6(b)(1)(B)[1] and Local Criminal Rule 57.6, Movant Peter Vessenes ("Vessenes") by and through his undersigned counsel, respectfully submits this motion for leave to file a motion to intervene as a third-party petitioner upon the verified ancillary petition attached hereto as **Exhibit A** (the "Petition"), pursuant to Fed. R. Crim. P 32.2(c) and 21 U.S.C. § 853(n), for an order determining his interest in property that is subject to forfeiture under the Second Amended Preliminary Order of Forfeiture, dated November 14, 2024 (Dkt. No. 178, the "Forfeiture Order").

## INTRODUCTION

As stated in his Petition, Vessenes has an interest in the property that is subject to forfeiture under the Forfeiture Order. Specifically, Vessenes owns at least 116 Bitcoin ("BTC"), with a current market value of approximately $13 million, that were stolen through the hacking of Bitfinex that occurred on or about August 2, 2016.[2] Upon information and belief, Vessenes's stolen BTC, which he held in an account, or "wallet," at Bitfinex, are directly traceable to the BTC that

[1] *See also* Fed. R. Crim. P. 45(b)(1)(B).

[2] Vessenes has documentation evidencing that he had 116 BTC in his wallet at Bitfinex at the time of the hack. As explained in Vessenes's Petition, however, the limited record currently available to Vessenes indicates that he held additional BTC at Bitfinex. His total BTC holdings at Bitfinex can be confirmed through discovery.

the United States government seized from defendants Ilya Lichtenstein and Heather Morgan (the "Defendants"). Vessenes therefore has a legal interest in the forfeited property because his "accounts were included among those Bitfinex accounts that were hacked" and he was "harmed as a direct result of the hack." Dkt. No. 300 at 16-17.

On November 14, 2024, the Court entered an order directing the Defendants to forfeit their interest in certain property, including approximately 94,643.29837084 Bitcoin that were "seized from wallets recovered from Defendants' online storage account." Dkt. No. 198-1 at 1. The government has stated that it began publishing a notice of the Forfeiture Order on December 17, 2024 and that it "sen[t] notice to any person who reasonably appear[ed] to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Dkt. No. 202 at 5. The government later admitted, however, that it was unable to locate "potentially thousands of [Bitfinex] accountholders whose accounts lost value in 2016 as a result of [the] hack," explaining that it "has attempted to locate those [accountholders], including by requesting a list of all accountholders form [Bitfinex], but such efforts have been unsuccessful." Dkt. No. 300 at n.2. Vessenes is one of the accountholders who never received notice from the government regarding the Forfeiture Order. *See* Declaration of Peter Vessenes ("Vessenes Decl.") ¶ 11. Nor did Vessenes otherwise know about these forfeiture proceedings. *See id* ¶ 12. In fact, Vessenes did not know even that the government had seized BTC from the Bitfinex hack. *See id.*

On February 14, 2025, the Court issued an order setting February 19, 2025, as the deadline for third-party petitioners to file ancillary petitions. *See* Dkt. No. 250. Vessenes, who remained unaware of these proceedings, did not know of this deadline. *See id.* ¶ 12. On April 4, 2025, the Court entered an order awarding Bitfinex "$0 in [voluntary] restitution" and ordering that the "disposal of the forfeited assets" will be adjudicated through a "third-party forfeiture ancillary

proceeding." Dkt. 300 at 20. Vessenes did not know about this order—or the Court's plan to dispose of the forfeited assets through an ancillary proceeding in which third parties could participate—either. *See id.* ¶ 12. Vessenes learned of these forfeiture proceedings—and the fact that the government was holding the proceedings of the Bitfinex hack—only within the last two weeks, after consulting with counsel. *See id.* As soon as Vessenes learned of these facts, he took immediate action to pursue his third-party claim. Because Vessenes only recently learned of these forfeiture proceedings and has moved expeditiously to assert his rights, he respectfully requests that the Court grant him leave to file his Petition, which will not prejudice any other party in interest.

## ARGUMENT

Courts may extend a past deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether a party's neglect was "excusable," courts consider: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003). All four of these factors support Vessenes's request for leave to file his Petition.

*First*, granting Vessenes leave to file his Petition will not prejudice any party who might oppose this motion. Indeed, as this Court has recognized, "even if all Petitioners can demonstrate a superior legal interest, the total amount of BTC . . . claimed by all Petitioners constitutes a small percentage of the total Bitfinex Hack Wallet Funds." Dkt. No. 300 at 17. Accepting Vessenes's Petition therefore "will have minimal impact on other claimants' prospects for full recovery."

*Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.*, 2010 WL 457474, at *4 (E.D. Cal., Feb. 3, 2010) (granting Rule 6(b)(1)(B) motion).

*Second*, the Court has not yet scheduled the ancillary proceeding in which it will adjudicate the 16 claims that have been submitted to date. *See* Dkt. No. 300 at n.11. Nor has it decided two motions to dismiss petitions and another party's motion to intervene to file a petition after the February 19, 2025 deadline. *See* Dkt. Nos. 308, 309, 344. Moreover, Vessenes's Petition will present common factual and legal issues that the Court will have to decide in adjudicating the petitions of other BTC holders anyway. Granting Vessenes's Petition therefore will not delay the proceedings in this case.

*Third*, Vessenes's delay in filing his Petition was beyond his reasonable control and through no fault of his own. The government was required to "send notice to any person who reasonably appears to be a potential claimant to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A). By its own admission, however, the government was unable to locate "potentially thousands of [Bitfinex] accountholders whose accounts lost value in 2016 as a result of [the] hack." Dkt. No. 300 at n.2. This includes Vessenes, who never received notice from the government regarding the Forfeiture Order and was unaware of these forfeiture proceedings until less than two weeks ago—after he consulted with counsel. *See* Vessenes Decl. ¶¶ 11-12.

*Fourth*, Vessenes has acted in good faith. After learning of these proceedings less than two weeks ago, Vessenes promptly prepared and filed this motion. *See Kingsburg*, 2010 WL 457474, at *2 (finding excusable neglect where party "was not aware of the need to file a claim" and then promptly filed after "consult[ing] with legal counsel"). Furthermore, Vessenes has not gained any advantage through this delay. Indeed, given the substantial value of the BTC that Vessenes seeks to recover, he had no incentive to delay filing his Petition.

## CONCLUSION

For the foregoing reasons, Vessenes respectfully requests that this Court grant him leave to file the Petition attached hereto as Exhibit A.

Dated: September 10, 2025

BARNES & THORNBURG LLP

*/s/ Michelle Bradford*
Roscoe C. Howard, Jr. DC Bar #246470
Michelle Bradford DC Bar #491910
555 12th Street N.W.
Suite 1200
Washington, D.C. 20004-1275 Phone:
(202) 289-1313
roscoe.howard@btlaw.com
mbradford@btlaw.com

Joseph A. Matteo*
William H. LaGrange*
390 Madison Avenue, 12th Floor New
York, New York 10017
Phone: (646) 746-2000
joseph.matteo@btlaw.com
wlagrange@btlaw.com

**Pro hac vice application forthcoming*

*Counsel for Peter Vessenes*